IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION
CASE NO. 16-3012

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 0 1 2016

DOUGLAS F. YOUNG, Clerk
By _____
   Deputy Clerk

**CATHY DENTON,**
**PLAINTIFF**

**COMPLAINT ON AN**
**INSURANCE POLICY**

**SUN LIFE ASSURANCE COMPANY OF**
**CANADA AND HARPS FOODS STORES, INC.**
**DEFENDANTS**

Come(s) now the Plaintiff(s), CATHY DENTON, by and through her attorney, Frederick S. "Rick" Spencer, and for her COMPLAINT ON AN INSURANCE POLICY states as follows:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a Life Waiver of Premium benefit which was underwritten and/or administered by the Sun Life Assurance Company of Canada, for the benefit of employees of Harps Food Stores, Inc. In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the United States District Court, Western District of Arkansas, Harrison Division, 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

### *Nature of Action*

4. This is a claim seeking an award to plaintiff of Life Waiver of Premium benefits pursuant to a policy of insurance underwritten by the Sun Life Assurance Company of Canada, to provide Life Waiver of Premium to employees of Harps Food Stores, Inc This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

### *The Parties*

5. Cathy Denton ("Denton" or "Plaintiff")(DOB October 3, 1957) is and was a resident of Bakersfield, MO at all times relevant hereto, and all of the events, transactions, and occurrences relevant to this matter took place within the Western District of Arkansas.

6. Sun Life Assurance Company of Canada is the underwriter of disability insurance coverage for employees of Harps Food Stores, Inc. pursuant to an employee benefit plan. At all times relevant hereto, Sun Life Assurance Company of Canada was doing business throughout the United States and within the Western District of Arkansas.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Denton received coverage under

the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

### Statement of Facts

8. Denton was a full-time employee of Harps Food Stores, Inc. working as manager for the organization; and she was actively employed until May 2, 2014, when she ceased working due to rheumatoid arthritis and left wrist limitations. Due to her impairments, Denton has not engaged in any substantial gainful activity since that date.

9. Denton is currently receiving Long Term Disability benefits from Sun Life Assurance Company of Canada; a true and correct copy of the letter from Sun Life Assurance Company of Canada granting her benefits is attached hereto and by that reference incorporated herein as Exhibit "A")

> You are considered Disabled if, solely because of Injury or Sickness, you are either:
>
> 1. unable to perform the material and substantial duties of any occupation for which he is or becomes reasonably qualified for by education, training or experience.

11. In support of her claim, Denton submitted numerous records and reports from Dr. Roush, all of which established that Denton met the definition of disability set forth above in paragraph 9; and that she continues to meet that definition.

12. Despite the submission of overwhelming and convincing evidence to support Plaintiff's claim, Sun Life refused to pay benefits. Denton appealed from that decision; and

despite submission of even more evidence supporting her claim, Sun Life refused to reconsider. All avenues of administrative appeal have now been exhausted.

13. The determination by Sun Life that Denton is not disabled is contrary to the welfare benefit plan, contrary to the evidence, and has no rational support. That decision was also contrary to the reports of the treating and examining physicians and assessments.

14. As a direct and proximate result thereof, based on the evidence submitted to Sun Life establishing that Denton has met the Plan definition of "disability" continuously since the onset of her disability, and that she continues to meet that definition, Plaintiff is entitled to Life Waiver of Premium benefits; and such benefits must be continued until she recovers from her disability, death, or to age 65, whichever comes first.

WHEREFORE, plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the defendants and that the court order the defendants to pay Life Waiver of Premium benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the court order the defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the court order defendants to continue paying Plaintiff benefits until such time as she meets the policy conditions for discontinuance of benefits;

D. That the court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g); and

E. That plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

CATHY DENTON

_____
Frederick S. "Rick" Spencer
Attorney at Law
Spencer Law Firm
Spencer Law Buildings
409 East 6th Street
Mountain Home, Arkansas 72653
Tel. No. 870-425-6984
Fax No. 870-424-2539
Email:  spencerforhire@rickspencer.com
Web: www.spencer-law-firm.com
Arkansas Bar No. 75120
Missouri Bar No. 59509