IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CATHY DENTON                                                                                    PLAINTIFF

VS.                                    CASE NO. 3:16-cv-03012-TLB

SUN LIFE ASSURANCE COMPANY OF CANADA
AND HARPS FOOD STORES, INC.                                                          DEFENDANTS

## ORDER

This is an ERISA action in which Plaintiff claims that Defendants have wrongfully denied payment of certain disability benefits to her since May 2, 2014. (Doc. 1) Before the Court is the Plaintiff's Motion to Proceed In Forma Pauperis and Motion for Service (Doc. 3) filed February 1, 2016. The matter was referred to the undersigned on February 1, 2016.

As reflected in Plaintiff's affidavit, the Plaintiff is unemployed and has no source of income except for $649.00 per month in Social Security benefits and $629.00 per month in insurance benefits she receives. (Doc. 3, p. 1) Additionally, Plaintiff's husband receives Social Security benefits of $787.00 per month and pension benefits of $88.11 per month. (Doc. 3, p. 1) Plaintiff's affidavit shows that she has $150.00 in cash or in a checking or savings account at the time of filing. (Doc. 3, p. 2) She owns a 2002 Chevrolet truck worth $3,500.00, a 1997 mobile home and 8 acres worth $20,000.00, a house worth $35,000.00, and a Dodge Charger worth $10,000.00. (Doc. 3, p. 2) She makes payments on the car and house. (Doc. 3, p. 2) She has monthly expenses of at least $1,514.64, an amount that exceeds her monthly income, and an amount that is 70% of the combined monthly income she and her husband have. (Doc. 3, p. 2) She has debts of approximately $20,600.00. (Doc. 3, p. 2)

The in forma pauperis statute is designed to unsure that indigent persons will have equal access to the judicial system. 28 U.S.C. § 1915. Leave to proceed in forma pauperis is a privilege, not a right, and leave to proceed in forma pauperis without payment of fees, costs or giving security is addressed to the sound discretion of the district court pursuant to 28 U.S.C. § 1915. The in forma pauperis statute does not require a litigant to demonstrate absolute destitution. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000); *Evensky v. Wright*, 45 F.R.D. 506 (N.D. Miss. 1968). No party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948); 28 U.S.C. § 1915(a).

In this case, the Plaintiff has only $150.00 in cash or in a checking or savings account, and the filing fee would constitute 36% of her total monthly income from Social Security benefits and insurance benefits and 21% of the combined monthly income she and her husband have. The undersigned believes that Plaintiff has met the requirements for indigence under 28 U.S.C. § 1915.

Based upon the forgoing, the Motion for Leave to Proceed in Forma Pauperis and Motion for Service (Doc. 3) are **GRANTED**.

IT IS SO ORDERED this 2nd day of February, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE